**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RONALD FLEURINORD,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, Department of Homeland Security; CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, Enforcement and Removal Operations, Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; TODD BLANCHE, Attorney General, Department of Justice; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No.: 3:26-cv-05249-BTM-JLB

**ORDER GRANTING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

//

Ronald Fleurinord petitioned the Court for the writ of habeas corpus on September 11, 2026. (ECF No. 1.) He claims that the Government violated the Fifth Amendment by arbitrarily detaining him without notice and opportunity to be heard. (*Id.* ¶¶ 74–78.) The Government states the Petitioner was "previously released from immigration custody on parole issued under 8 U.S.C. § 1182(d)(5)," and that it has "insufficient information regarding termination of that parole." (ECF No. 4, at 2.) The Government acknowledges that this Court has granted petitions with similar facts and legal issues. (*Id.*) It "does not oppose the petition and defers to the Court on the appropriate relief." (*Id.* at 3.) The Government also stated that its counsel is "not aware of Petitioner having any criminal history and any factual basis for such concerns," aside from the Petitioner fleeing from law enforcement "when they attempted to apprehend him." (*Id.*)

Accordingly, the Court grants the petition on the Petitioner's Due Process claim. The Court adopts its previous decision in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), to find that—in light of the *Mathews v. Elridge* factors—the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Government's enforcement interest. *See* 424 U.S. 319, 334–35 (1976). Moreover, the Government does not contend that any changed circumstances warranted Petitioner's redetention or that the Petitioner is a danger to the community or a flight risk.

When the Government took the Petitioner into custody, it improperly revoked his parole. The Government did not provide the Petitioner with a written statement of the reasons for revocation signed by an authorized official nor with an opportunity to rebut the reason for revocation. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2); *see also* *Mendez-Ramirez v. Casey*, No. 26-cv-4513, 2026 WL 2824537, at *1 (S.D. Cal. Sept. 21, 2026); *cf. Araujo v. LaRose*, No. 25-cv-2942, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025). Thus, the writ must issue to release him from custody. Should the Government attempt to revoke the Petitioner's parole and redetain him, it must do so in a manner that respects his Due Process rights. *See Mendez-Ramirez*, 2026 WL 2824537, at *1.

//

The petition for a writ of habeas corpus is **GRANTED** on the Petitioner's fifth claim and the writ is **ISSUED**. The Government shall immediately release Fleurinord from custody on any preexisting conditions. The Government did not seek a bond. The Government shall give him directions for reporting. The parties shall file a joint statement as to the satisfaction of the writ by September 25, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ. Because the Court grants the petition on the fifth claim, the Court declines to reach the merits of the Petitioner's claims under Substantive Due Process, the Administrative Procedure Act, and the Fourth Amendment of the U.S. Constitution. Counts One, Two, Three, and Four of the petition are **DISMISSED** without prejudice.

The Petitioner may move for an award of fees within thirty (30) days of the entry of this Order. The Government shall respond within fourteen (14) days of the filing of the motion and the Petitioner may reply within seven (7) days of the filing of the opposition.

**IT IS SO ORDERED.**

Dated: September 24, 2026

Honorable Barry Ted Moskowitz
United States District Judge